## State of Vermont v. Walter A. Bessette

[271 A.2d 846]

No. 63-70

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed December 1, 1970

*Frank G. Mahady,* State's Attorney, for the State.

*Paul A. Bourdon,* Woodstock, for Defendant.

Shangraw, J. On August 18, 1969, there was a fire at the State Prison Farm at Windsor, Vermont. One of the hay barns at the farm was completely destroyed by this fire. On August 20, 1969, Walter A. Bessette, the respondent, was charged with arson, a violation of 13 V.S.A. § 502. A jury trial in Vermont District Court, Unit No. 6, Windsor Circuit, resulted in a verdict of guilty. Judgment was entered on the verdict from which respondent has appealed to this Court.

On the date of the fire, the respondent was an inmate of the Vermont State Prison and held at the prison farm which is located about three miles distant from the prison. The fire was started between 9:00 p.m. and 9:30 p.m. and discovered shortly thereafter. Prior to its discovery, three inmates were seen walking on a road in close proximity to the barn. One dashed out in the direction of the barn later discovered to be on fire. This act of one person separating from a group of three was observed from a distance of approximately 300 feet at around 9:25 at night by Edmond Thomas, herdsman at the farm.

Forrest Woods, an inmate, was one of the two other persons walking with the respondent. Woods testified that respondent then told him that he, the respondent, was ". . . going to start a fire." Woods testified that he told the respondent "to get out" in that there was going to be trouble. Respondent then left.

Baled hay was stored in the barn in question. William Buchanan, fire chief of the town of Windsor with twenty years experience with fires, was called to the scene of the fire. He testified that he doubted very much that the fire could have started by itself (spontaneous combustion), but could not rule out its possibility. He further testified that the origin of the fire was near the center of the barn ". . . where a spontaneous combustion would not have been a factor."

There was evidence of the incendiary nature of the fire. Charles Bagley, an inmate at the farm, testified that the respondent admitted to him that he had started the fire with his cigarette lighter. Robert Morse, an inmate, testified that shortly after the fire broke out the respondent told him ". . . that he had a fire going and he had it going good." Forrest Woods also testified that after the fire broke out the respondent told him that he had started the fire with a lighter. The

respondent was called as a witness and denied telling anyone that he set the fire.

Respondent testified that he was in the TV room from 9:00 p.m. until bedtime, 9:30 p.m., with George Dunbar, George Rowe and other inmates. Dunbar testified that he first saw the respondent that evening in the TV room at 9:00 p.m. and that Bessette could have left the room without seeing him. Rowe testified that he first saw the respondent leave and later return in about fifteen or twenty minutes. Upon respondent's return to the room, Rowe observed and testified that the respondent was "trembling", "shaking" and "sweating" like he had been "fooling around or running."

On the following day, Julius Moyekins, Assistant Warden of the prison, received a call from the respondent. Moyekins had been informed by the hospital that respondent's wrists had been cut and he had been moved to the hospital. Respondent claimed that it had been accidental. He told Mr. Moyekins that he was innocent of the fire and named the person who started it. This conversation took place after investigation had been made by the officers and before respondent's arrest.

At the close of the State's case the respondent moved for a directed verdict urging that the State had failed to prove the respondent's guilt beyond a reasonable doubt and renewed the motion at the close of all of the evidence. The motion more precisely states, that (1) there is insufficient evidence from which the jury could find the *corpus delicti*, i.e., that the fire was of incendiary origin; (2) there is no evidence from which the jury could find the burning was the act of the respondent; and (3) there is no evidence from which the jury could find that the burning was the product of malicious and wilful intent on the part of the respondent.

The motions challenge the sufficiency of the evidence presented against the respondent. As such, we are called upon to view the evidence in the light most favorable to the State and the effect of modifying evidence is to be excluded. *State* v. *Goodhart*, 112 Vt. 154, 155, 22 A.2d 151 (1941); *State* v. *Bishop*, 127 Vt. 11, 12, 238 A.2d 772 (1968).

Mere fact of burning of a building is not sufficient to establish *corpus delicti* in an arson prosecution. If nothing more appears it will be presumed that the fire was the result

of an accident or some providential cause, rather than the result of a criminal design. *State* v. *Perras*, 117 Vt. 163, 167, 86 A.2d 544 (1952) ; *State* v. *Lizotte*, 109 Vt. 378, 385, 197 A. 396 (1938). On the other hand, incendiarism may be proved by circumstantial evidence. *State* v. *Lizotte, supra*, 109 Vt. at 385.

Here, spontaneous combustion, as a providential cause, was negated by the only expert testimony offered at the trial. Moreover, there were the extrajudicial admissions of the respondent as to the incendiary nature of the fire which were made to different witnesses. The jury was also at liberty to consider respondent's conduct, actions and appearance hereinbefore recited in this opinion.

Under the foregoing rules, the test here is whether the State introduced evidence fairly and reasonably tending to show the respondent's guilt, or in other words whether the jury on the evidence was justified in finding the respondent guilty beyond a reasonable doubt. *State* v. *Perras, supra*, 117 Vt. at 167.

■ No further recapitulation of the evidence is necessary to show that the jury, acting reasonably, was justified in finding beyond a reasonable doubt that the fire here was of incendiary origin. The requisite wilfulness and malicious intent was established by the performance of the act itself. 2 R. Anderson, *Wharton's Criminal Law and Procedure* § 390, at 4 (1957) ; *State* v. *Bishop, supra*, 127 Vt. at 15. The conviction is sustained.

*Judgment affirmed.*